WALKER (FARRAR v.).    See Case No. 4,-679.

## Case No. 17,069.
### WALKER v. FORBES.
[3 App. Com'r Pat. 428.]

Circuit Court, District of Columbia.    Jan. 3, 1861.

PATENTS FOR INVENTIONS—PRIORITY OF APPLICATIONS—LACHES—EXAMINATION OF WITNESS—WAIVER OF NOTICE.

[1. One who was present at the examination of witnesses by consent cannot complain that he was not notified of such examination.]

[2. In an interference case it appeared that one party made a model of the invention in dispute before the other made any model or drawing thereof, though the latter had previously described it verbally to three persons. *Held*, that the former first perfected the invention.]

[3. W. perfected his invention by May, 1859, and then made a drawing thereof, but did not apply for a patent till July, 1860, nearly a year after F. had applied for a patent for the same invention, and after a patent had been issued to F. No excuse was given by W. for the delay. *Held*, that W., though the first original inventor, had no rights in the invention as against F.]

In the matter of the interference between William H. Walker, applicant for a patent, and Elias Forbes, patentee, for improvements in the capstans to drain ploughs.

DUNLOP, Chief Judge. The invention in this case claimed by both parties is admitted to be the same, and the questions to be decided are, 1st, who was the first original inventor, and if Walker was, 2nd, whether by neglect to apply for a patent till a patent had been granted to Forbes, also an original inventor for the same invention, Walker has not lost his right now to claim a patent. But a preliminary objection to evidence is first to be settled. Mr. Alexander, of counsel for Walker, insists that the depositions of Jas. Cleeland and David Hull, taken before Mayor Creighton, on the 24th Sept., 1860, must be excluded, because no notice was given to Walker, by Forbes or the officer taking the depositions, and the officer did not certify and annex the notice when he returned the depositions to the patent office. This question was before me in the case of Gibbs v. Ellithorp [Case No. 5,383], decided by me, on appeal from the patent office in Sept., 1859. In that case to which I now refer I then said: "The force of Low's evidence relied on by the commissioner is felt

by Gibbs' counsel, and it is objected to, as not taken according to the rules of the office. No notice, it is said, was served on Gibbs, and no proof of service, certified by the officer taking the deposition, and returning it to the office. The object of notice is to bring the adverse party before the examining officer, and to give him the opportunity, if he pleases, to cross-examine the witnesses. But if the adverse party voluntarily comes, and is present at the examination, and cross-examines, notice and proof of it are of no account. The substance is obtained, and they are mere form, technicality, and nothing more. The 90th rule of the office applies to and covers such formal defects."

In the present case, Walker and his counsel were both present at the examination of the witnesses, and, besides, the depositions were taken by consent; and these facts are certified by Mr. Creighton, in his return. If there was any defect, it was cured by consent. "Consensus tollit errorem." I, therefore, think, these depositions are properly in the case. They prove that Forbes in March or April, 1859, showed them a model ·representing the invention in dispute. Forbes therefore, as early as March or April, 1859, had given physical form and shape to his "conception." It no longer rested in "idea" only. Walker, on the contrary, although he had conceived the same "idea," and had described it, perhaps imperfectly, in Oct. or Nov., 1858, by word of mouth, to Thomas Speelman, Thomas Townsley and J. Bromagen, does not appear even to have made a drawing earlier than six or seven months after Oct. or Nov., 1858, which would make his drawing posterior in date to Forbes' model, and would show that Forbes had first perfected the invention. Assuming however that Walker first conceived the "idea," and used reasonable diligence to perfect it, by the drawing in May, 1859, and thereby has a right to carry back his invention to Oct. or Nov., 1858, and thus to antedate Forbes, still it seems to me clear in law he must be postponed to Forbes. Forbes, upon this assumption, though a subsequent original inventor first perfected the invention, and applied for and obtained a patent, and as the most diligent of the two, cannot now be superseded by his more tardy and negligent competitor. Walker, according to his own pretensions, had perfected his improvement as early as Oct. or Nov., 1858, and certainly in May, 1859, when the drawing referred to and marked with Speelman's name was made. He did not apply for a patent till the 31st July, 1860, more than a year after his perfected invention, nearly a year after Forbes' application, and not until after Forbes had got his patent. He has given no sufficient nor any reason, for the delay, and for so long withholding from the public the fruits of his invention; and he seeks now to supplant Forbes, who, though he may be a subsequent original inventor, promptly brought the invention to the notice of the office, after he had succeeded in perfecting it. On this subject, of Walker's de-

lay, and its effects, on his rights as against Forbes, I refer to the case of Kendall v. Winsor, 21 How. [62 U. S.] 328, 329, and the case therein cited.

For the reasons above stated, and also for those so clearly and forcibly set forth by the examiner in his report of the 20th Nov., 1860, it seems to me the office properly rejected the application of Walker, for a patent. I do therefore, this 3rd January, 1861, overrule the applicant's, Walker's, reasons of appeal, and do affirm the judgment of the commissioner of patents, of date the 20th Nov., 1860. I herewith return to the office all the papers, models, and drawings, with this my opinion and judgment, this 3rd January, 1861.